IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SHANNON L. CLARK, #140801,
      Plaintiff,

vs.                              Case No. 5:09cv309/RS/EMT

ASST. STATE ATTY. DOUGLASS ELLIS, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, a state prisoner proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). The filing fee has been paid.

    Because Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, the court must review the complaint and dismiss it if satisfied that the action (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Upon review of the complaint, it appears that this case should be dismissed as malicious.

    Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* Doc. 1 at 6–7).[1] Question C of Section IV asks, "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 1 at 7).[2] Where there is a parenthetical area

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

[2] Plaintiff did not list any cases in response to Questions (A) and (B) of Section IV (*see* Doc. 1 at 6).

to mark either a "Yes" or "No" answer to this question, Plaintiff marked "Yes" (*id.*).  The form then states, "If YES, describe each action in the space provided below.  If more than one action, describe all additional cases on a separate piece of paper, using the same format below." (*id.*).  The form instructs the filer to attach additional pages as necessary to list cases (*id.*).  Plaintiff disclosed that he initiated a case in the United State District Court for the Middle District of Florida against the Secretary of the Department of Corrections in which he claimed that he was being incarcerated in violation of the laws of the United States (*id.*).  As the reason for dismissal of that case, Plaintiff stated, "AEDPA of 1996" (*id.*).  Plaintiff indicated he was "unsure" of the case number, name of the presiding judge, filing date, and date of dismissal (*id.*).  Thus, Plaintiff has in effect stated that he has <u>never</u> initiated other actions in federal court that relate to the fact or manner of his incarceration or the conditions of his confinement, except that case.

Question D of Section IV of the complaint form asks, "Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed." (*id.*).  Where there is a parenthetical area to mark either a "Yes" or "No" answer to this question, Plaintiff wrote "Unsure" (*id.*).  He then identified <u>Clark v. Secretary of the Florida Department of Corrections</u>, Case No. 5:08cv186, filed in May of 2008, in the Northern District (*id.*).  Plaintiff indicated that he was unsure of the reason for dismissal of that case and the date of dismissal (*id.*).

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (Doc. 1 at 14).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case.  All of these things are appropriately considered in

connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000). Further, since prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint, he had previously filed Clark v. Secretary, Department of Corrections, et al., Case No. 8:06cv971-SDM-MAP, Clark v. Secretary, Department of Corrections, et al., Case No. 8:06cv1247-SDM-MSS, and Clark v. Newton, Case No. 8:09cv134-JDW-TBM in the United States District Court for the Middle District of Florida. Additionally, he had previously filed Clark v. USA, et al., Case No. 5:06cv140/RS/MD in the Northern District, which was transferred to the Middle District and assigned Case No. 8:06cv1635-SCB-TBM.[3]

Giving Plaintiff the benefit of the doubt, the court deems Plaintiff's response to Question C as identifying his two federal habeas cases, Case No. 8:06cv971 and Case No. 8:06cv1247. Both of those cases were initiated in the Middle District, both named the Secretary of the Department of Corrections as the opposing party, and both were analyzed under the Anti-Terrorism and Effective

---

[3] According to the docket, the inmate number of the plaintiffs/petitioners in Case No. 8:06cv971-SDM-MAP, Case No. 8:06cv01247-SDM-MSS, Case No. 8:09cv134-JDW-TBM, and Case No. 8:06cv1635-SCB-TBM (#140801) is the same as Plaintiff's.

Two of those cases, Clark v. Secretary, Department of Corrections, et al., Case No. 8:06cv971-SDM-MAP and Clark v. Secretary, Department of Corrections, et al., Case No. 8:06cv1247-SDM-MSS, were habeas corpus actions filed under 28 U.S.C. § 2254. The other two cases were civil rights actions. In Case No. 8:06cv1635-SCB-TBM, Plaintiff named seventy (70) state and federal judges, state prosecutors, law enforcement officers, and others as Defendants, claiming that his criminal trial was unconstitutional, and seeking release from incarceration and monetary damages. *See* Amended Complaint, Clark v. USA, et al., Case No. 8:06cv1635-SCB-TBM (M.D. Fla. Sept. 5, 2006). The court dismissed the complaint based upon Heck v. Humphrey, 512 U.S. 477, 487 (1994). *See* Order, Clark v. USA, et al., Case No. 8:06cv1635-SCB-TBM (M.D. Fla. Sept. 5, 2006). In Case No. 8:09cv134-JDW-TBM, Plaintiff named a state court judge as the defendant, claiming violations of the First, Eighth, and Fourteenth Amendments based upon Judge Newton's failure to provide an evidentiary hearing on Plaintiff's post-conviction challenge to his conviction, and seeking monetary damages. *See* Complaint, Clark v. Newton, Case No. 8:06cv134-JDW-TBM (M.D. Fla. Jan. 26, 2009). The court dismissed the complaint as frivolous and for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A. *See* Order, Clark v. Newton, Case No. 8:06cv134-JDW-TBM (M.D. Fla. May 5, 2009).

Death Penalty Act of 1996 (AEDPA), which imposed a more deferential standard for federal habeas review of state court decisions under 28 U.S.C. § 2254. Pub.L. 104-132, § 104, 110 Stat. 1214, 1218–19. However, nowhere in the complaint form did Plaintiff attempt to identify his federal civil rights cases, <u>Clark v. USA, et al.</u>, Case No. 8:06cv1635-SCB-TBM (original Case No. 5:06cv140/RS/MD), or <u>Clark v. Newton</u>, Case No. 8:09cv134-JDW-TBM, even though both cases qualified as federal court actions that were responsive to Questions C and D and should have been included in Plaintiff's answer to <u>either</u> question.

  The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to a question on the complaint form, as detailed above.[4] Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers.[5] If Plaintiff suffered no penalty for his incomplete and thus untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

  The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause

---

  [4] Even if Plaintiff was "unsure" as to whether <u>Clark v. Newton</u>, Case No. 8:09cv134-JDW-TBM or <u>Clark v. USA, et al.</u>, 8:06cv1635-SCB-TBM (original Case No. 5:06cv140/RS/MD) was dismissed as frivolous, malicious, failing to state a claim, or prior to service, thus requiring him to identify each in Question D, he should have identified them in Question C, since they were cases he initiated in federal court that related to the fact or manner of his incarceration, or the conditions of his confinement.

  [5] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* Doc. 21 at 3) (emphasis and capitalization in original).

<u>without</u> <u>prejudice</u>.[6]  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* <u>Warren v. Guelker</u>, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) as malicious.

**DONE AND ORDERED** this <u>5</u>[th] day of November 2009.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[6] Dismissal without prejudice is not too severe a sanction under these circumstances.  Plaintiff is free to re-file if he so chooses.  *See* Order of Dismissal, <u>Spires</u>, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

Case No. 5:09cv309/RS/EMT